BRAGAR EAGEL & SQUIRE, P.C.
Lawrence P. Eagel (No. 038881983)
Melissa A. Fortunato (No. 071502013)
Gabriela Cardé Cortés
810 Seventh Avenue, Suite 620
New York, New York 10019
Telephone: 212-308-5858
Email:  eagel@bespc.com
        fortunato@bespc.com
        carde@bespc.com

*Counsel for Plaintiff Ruskin Davis*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RUSKIN DAVIS, derivatively on behalf of SCYNEXIS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAVID ANGULO, ARMANDO ANIDO, STEVEN C. GILMAN, ANN F. HANHAM, DAVID HASTINGS, GUY MACDONALD, IVOR MACLEOD, and BRIAN PHILIPPE TINMOUTH, <br><br> Defendants, <br><br> and <br><br> SCYNEXIS, INC., <br><br> Nominal Defendant. | Case No:_____ <br><br> **VERIFIED STOCKHOLDER DERIVATIVE COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Ruskin Davis ("Plaintiff"), by and through his counsel, derivatively on behalf of Nominal Defendant SCYNEXIS, INC. ("SCYNEXIS" or the "Company"), submits this Verified Stockholder Derivative Complaint against Defendants (as defined below) and alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge.  Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which included, *inter alia*, review and analysis of (i) regulatory filings made by SCYNEXIS with the United States Securities and Exchange Commission ("SEC"); (ii) press releases issued and disseminated by SCYNEXIS; (iii) the Securities Class Action captioned *Feldman v. SCYNEXIS, Inc., et al.*, No. 2:23-cv-22082 (D.N.J.) against certain officers and members of the Company's Board of Directors (the "Board") alleging that they made false and misleading statements of material fact and omitted material facts necessary to make other statements made not misleading between March 31, 2023 and September 25, 2023 (the "Relevant Period") with respect to SCYNEXIS's business, operations, and prospects; and (iv) other publicly available information, including media and analyst reports, concerning SCYNEXIS.

## NATURE OF THE ACTION

1.     This is a stockholder derivative action brought on behalf of SCYNEXIS against certain current and former officers and directors of the Company for claims

asserted herein.  Defendants' misconduct, as detailed herein, has caused substantial financial and reputational harm to SCYNEXIS.

2.     SCYNEXIS is a biotechnology company primarily focused on developing ibrexafungerp, a broad-spectrum antifungal agent.  The Company's ibrexafungerp tablets, sold under the brand name BREXAFEMME, have received FDA approval for treating vulvovaginal candidiasis.  SCYNEXIS is also investigating ibrexafungerp for other indications.

3.     On September 25, 2023, SCYNEXIS disclosed that a review had revealed potential cross-contamination of ibrexafungerp with a non-antibacterial beta-lactam drug substance during manufacturing.  Since beta-lactams can cause allergic reactions in some individuals, the U.S. Food and Drug Administration ("FDA") advised segregating their production from other compounds.  Consequently, SCYNEXIS announced the recall of BREXAFEMME from the market and the suspension of clinical trials involving ibrexafungerp until the issue could be resolved.

4.     Following this disclosure, SCYNEXIS's stock price fell by over 34% to close at $2.18 per share on September 25, 2023, with unusually high trading volume.  The stock continued to decline the following trading day, falling another 11% to close at $1.93 per share.

5.     Throughout the Relevant Period, Defendants made materially false and misleading statements and failed to disclose that (1) the equipment used to manufacture ibrexafungerp was also used to manufacture a beta-lactam substance, creating a risk of cross-contamination; (2) SCYNEXIS lacked adequate controls and oversight to ensure its vendor adhered to proper manufacturing practices; (3) the cross-contamination risk made it probable that SCYNEXIS would need to recall BREXAFEMME and pause ibrexafungerp trials; and (4) consequently, Defendants' positive statements about SCYNEXIS's business and prospects were materially misleading and lacked a reasonable basis.

6.     Through this action, Plaintiff seeks to hold Defendants accountable for the significant harm their misconduct has caused to SCYNEXIS.  The Company faces substantial damages from the costs of addressing the manufacturing issues and the loss of goodwill and reputational harm.  Defendants' breaches of fiduciary duty have severely injured SCYNEXIS, and they should be held liable for the damages incurred by the Company.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint raises a federal question under Section 10(b) of the Securities Exchange Act (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder as well as Section 14(a) of the Exchange Act.   The Court has supplemental

jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims form part of the same case or controversy. This action is not a collusive one designed to confer jurisdiction on a court of the United States that it would not otherwise have.

8.    This Court has jurisdiction over each Defendant because they reside in this District or have sufficient minimum contacts with this District to render the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice. The Court has personal jurisdiction over the Nominal Defendant because it is authorized to do business in this state and has consented to service in this state.

9.    The Court has personal jurisdiction over all Defendants because they have the requisite minimum contacts with the forum related to the claims asserted herein and because exercising jurisdiction over Defendants is fair and reasonable. Nominal Defendant SCYNEXIS's principal place of business is located in Jersey City, New Jersey, and the other Defendants were officers and directors of SCYNEXIS when they committed the actions and omissions giving rise to the claims asserted herein.

10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein, including the Defendants' primary participation in the wrongful acts detailed herein and

violation of fiduciary duties owed to SCYNEXIS, occurred in this District.  Venue is also proper pursuant to 28 U.S.C. § 1401 because Nominal Defendant SCYNEXIS could have sued the same Defendants in this District.

## PARTIES

11.    Plaintiff is a stockholder of SCYNEXIS.  He was a stockholder at the time of the wrongdoing alleged herein and has continuously held stock in the Company from that time until the present.  Plaintiff brings this action derivatively in the right and for the benefit of the Company to redress the Individual Defendants' misconduct.

12.    Nominal Defendant SCYNEXIS is incorporated under the laws of Delaware and its principal executive offices are located in Jersey City, New Jersey.  SCYNESIS common stock trades on the Nasdaq exchange under the symbol "SCYX."

13.    Defendant David Angulo  ("Angulo") has been the President and Chief Executive Officer ("CEO") and has served as a member of the Board since January 2023.  Dr. Angulo joined the Company in 2015 as Chief Medical Officer.

14.    Defendant Armando Anido ("Anido") has served as a member of the Board since January 21, 2019.  He has served as a member of the Compensation Committee and Nominating and Corporate Governance Committee ("Governance Committee") since 2019.

15.     Defendant Steven C. Gilman ("Gilman") has served as a member of the Board since February 25, 2015 and has served as Chair of the Compensation Committee since June 2019 and member of the Governance Committee since 2015.

16.     Defendant Ann F. Hanham ("Hanham") has served as a member of the Company's Board since December 2008 and has served as a member of the Audit Committee since at least 2014, and Chair of the Governance Committee since 2016.

17.     Defendant David Hastings ("Hastings") has served as a member of the Board since September 24, 2015, and has served as Chair of the Audit Committee since 2017.

18.     Defendant Guy Macdonald ("Macdonald") has served as a member of the Board since November 2014, and was elected to serve as Chairman of the Board in June 2015.  He has served as a member of the Compensation Committee since November 2014.

19.     Defendant Ivor Macleod ("Macleod") has served as the Company's Chief Financial Officer ("CFO") since January 2020.

20.     Defendant Brian Philippe Tinmouth ("Tinmouth") has served as a member of the Board since December 13, 2019, and has served as a member of the Audit Committee since December 2019.

21.    The following Defendants are collectively referenced herein as the "Individual Defendants": Angulo, Anito, Gilman, Hanham, Hastings, Macdonald, Macleod, and Tinmouth.

22.    The following Individual Defendants are collectively referenced herein as the "Director Defendants": Angulo, Anido, Gilman, Hanham, Hastings, Macdonald, and Tinmouth.

23.    The following Individual Defendants are collectively referenced herein as the "Audit Committee Defendants": Hanham, Hastings, and Tinmouth.

24.    The following Individual Defendants are collectively referenced herein as the "Governance Committee Defendants": Anido, Gilman, and Hanham.

25.    The following Individual Defendants are collectively referenced herein as the "Compensation Committee Defendants": Anido, Gilman, and Macdonald.

26.    The following Individual Defendants are collectively referenced herein as the "Securities Class Action Defendants": Angulo and Macleod.

27.    The Individual Defendants and Nominal Defendant are collectively referenced herein as "Defendants."

### THE INDIVIDUAL DEFENDANTS OWE FIDUCIARY DUTIES TO THE COMPANY AND ITS STOCKHOLDERS

28.    At all times relevant to this case, the Individual Defendants' conduct was governed by well-recognized rules to protect the Company and its stockholders, the members of the public who had invested in SCYNEXIS.

29.    Because of their positions as officers and/or directors of the Company and their ability to control its business and corporate affairs, the Individual Defendants owed the Company and its stockholders the fiduciary obligations of good faith, loyalty, and candor and were and are required to use their utmost ability to control and manage the Company in a fair, just, honest, and equitable manner.

30.    The Individual Defendants were and are required to act in furtherance of the best interests of the Company and its stockholders to benefit all stockholders equally and not in furtherance of their personal interest or benefit.

31.    Each of the Company's directors owes to the Company and its stockholders the fiduciary duties of care and loyalty, including good faith, oversight, and candor, to exercise good faith and diligence in the administration of the affairs of the Company and the use and preservation of its property and assets.

32.    Because of their positions of control and authority as directors and/or officers of the Company, the Individual Defendants were able to and did, directly and/or indirectly, exercise control over the wrongful acts alleged herein.

33.    To discharge their duties, the Individual Defendants were required to exercise reasonable and prudent supervision over the management, policies, practices, and controls of the Company.  By virtue of such duties, the officers and directors of SCYNEXIS were required to do the following:

- Ensure that the Company complied with its legal obligations and requirements, including acting only within

the scope of its legal authority and disseminating truthful and accurate statements to the SEC and the investing public;

- Conduct the affairs of the Company in a lawful, efficient, and business-like manner to make it possible for the Company to provide the highest quality performance of its business, to avoid wasting the Company's assets, and to maximize the value of the Company's stock;

- Properly and accurately inform investors and analysts as to the true financial condition of the Company at any given time, make accurate statements about the Company's financial results and prospects, and ensure that the Company maintains an adequate system of financial controls such that the Company's financial reporting would be true and accurate at all times;

- Remain informed as to how the Company conducted its operations, and, upon notice of imprudent or unsound conditions or practices, make reasonable inquiry into the nature and cause of such conditions and practices, correct such conditions or practices, and make such disclosures as necessary to comply with federal and state securities laws; and

- Ensure that the Company was operated in a diligent, honest, and prudent manner in compliance with all applicable federal, state, and local laws, rules, and regulations.

34.   The Individual Defendants knowingly violated their obligations as directors and officers of the Company, acting without good faith and consciously disregarding their duties to the Company and its stockholders despite their knowledge of the risk of serious injury to the Company.

35.     Because of their positions of control and authority, the Individual Defendants were able to exercise control over the wrongful acts complained of herein, in addition to the contents of the various public statements issued by SCYNEXIS.

36.     The Board has adopted the Company's Code of Business Conduct and Ethics (the "Code of Conduct") to deter wrongdoing that imposes additional duties and responsibilities on the Individual Defendants.

37.     The Code of Conduct states that it is the Company's "policy [] to promote high standards of integrity by conducting our affairs in an honest and ethical manner.  Our integrity and reputation depend on the honesty, fairness and integrity brought to the job by each person associated with us."

38.     The Code of Conduct provides as follows under the title Legal Compliance:

> Obeying the law, both in letter and in spirit, is the foundation of this Code.  Our success depends upon each employee's operating within legal guidelines and cooperating with local, national and international authorities.   We expect employees to understand the legal and regulatory requirements applicable to their business units and areas of responsibility. . . . Disregard of the law will not be tolerated.  Violation of domestic or foreign laws, rules and regulations may subject an individual, as well as the Company, to civil and/or criminal penalties. You should be aware that conduct and records, including emails, are subject to internal and external audits and to discovery by third parties in the event of a government investigation or civil litigation.  It is in everyone's best interests to know and comply with our legal obligations.

***The Audit Committee Defendants Owe Additional Duties***

39.     The Audit Committee Charter (the "Audit Charter") places additional duties and responsibilities upon the members of the Board's Audit Committee, which consisted of Hanham, Hastings, and Tinmouth during the Relevant Period.

40.     Pursuant to the Audit Charter, the purpose of the Audit Committee includes:

> **7.  Audited Financial Statement Review.**  To review, upon completion of the audit, the financial statements proposed to be included in the Company's Annual Report on Form 10-K to be filed with the Securities and Exchange Commission and to recommend whether or not such financial statements should be so included.

> **8.  Annual Audit Results.**  To review with management and the Auditors, the results of the annual audit, including the Auditors' assessment of the quality, not just acceptability, of the Company's accounting principles and practices, the Auditors' views about qualitative aspects of the Company's significant accounting practices, the reasonableness of significant judgments and estimates (including material changes in estimates), all known and likely misstatements identified during the audit (other than those the Auditors believe to be trivial), the adequacy of the disclosures in the financial statements and any other matters required to be communicated to the Committee by the Auditors under the standards of the PCAOB.

> *        *        *

> **10.  Quarterly Results.**  To review with management and the Auditors, as appropriate, the results of the Auditors' review of the Company's quarterly financial statements, prior to public disclosure of quarterly financial information, if practicable, or filing with the Securities and Exchange Commission of the Company's Quarterly Report on Form 10-Q, and any other matters required to be communicated to the Committee by the Auditors under standards of the PCAOB.

> *        *        *

**12. Press Releases.** To review with management and the Auditors, as appropriate, earnings press releases, as well as the substance of financial information and earnings guidance provided to analysts and ratings agencies, which discussions may be general discussions of the type of information to be disclosed or the type of presentation to be made. The Chair of the Committee may represent the entire Committee for purposes of this discussion.

*       *       *

**25. Proxy Report.** To prepare the report required by the rules of the Securities and Exchange Commission to be included in the Company's annual proxy statement.

## DEFENDANTS BREACH THEIR DUTIES TO THE COMPANY AND ITS STOCKHOLDERS

*Background*

41.   SCYNEXIS is a biotechnology company that focuses on the development and commercialization of novel antifungal agents for the treatment of serious and life-threatening fungal infections. The Company's lead product candidate, ibrexafungerp, is a broad-spectrum, intravenous (IV)/oral agent that has demonstrated potent activity against a wide range of fungal pathogens, including Candida, Aspergillus, and Pneumocystis species. In June 2021, the FDA approved BREXAFEMME (ibrexafungerp tablets) for the treatment of vulvovaginal candidiasis (VVC), also known as vaginal yeast infection, in adult and post-menarchal pediatric females. SCYNEXIS is also investigating ibrexafungerp for the prevention of recurrent VVC and the treatment of life-threatening invasive fungal infections in hospitalized patients.

42.    On September 25, 2023, before the market opened, SCYNEXIS announced that it had recently become aware of potential cross-contamination of ibrexafungerp with a non-antibacterial beta-lactam drug substance during the manufacturing process.  This discovery followed a review conducted by GSK plc ("GSK") of the manufacturing process and equipment at the vendor responsible for producing the ibrexafungerp drug substance.  The FDA recommended segregating the manufacture of beta-lactam compounds from other compounds due to the potential for beta-lactams to act as sensitizing agents that may trigger hypersensitivity or allergic reactions in some individuals.  As a result of this finding, SCYNEXIS declared that it would voluntarily recall BREXAFEMME from the market and temporarily suspend clinical studies involving ibrexafungerp, including a Phase 3 clinical trial, until a mitigation strategy and resupply plan could be established.

43.    The announcement of the potential cross-contamination and the subsequent recall and clinical trial suspension had a significant impact on SCYNEXIS's stock price.  On September 25, 2023, the Company's shares fell by $1.13, or 34.14%, to close at $2.18 per share, with unusually high trading volume. The stock price continued to decline the following trading day, falling an additional 11.47% to close at $1.93 per share on September 26, 2023, again with unusually high trading volume.

44.    As detailed herein, throughout the Relevant Period, the Individual Defendants made a series of materially false and misleading statements and failed to disclose critical information regarding the manufacturing process for ibrexafungerp and the associated risks.  Specifically, the Individual Defendants failed to disclose that (1) the equipment used to manufacture ibrexafungerp was also being used to manufacture a non-antibacterial beta-lactam drug substance, creating a significant risk of cross-contamination; (2) SCYNEXIS lacked adequate internal controls, procedures, and oversight to ensure that its vendor was adhering to current Good Manufacturing Practices (cGMP); (3) the substantial risk of cross-contamination made it highly likely that SCYNEXIS would need to recall BREXAFEMME and halt clinical trials involving ibrexafungerp; and (4) as a result of the foregoing, the Individual Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and lacked a reasonable basis.

***The Individual Defendants' False and Misleading Statements***

45.    The Relevant Period begins on March 31, 2023, when SCYNEXIS filed its Form 10-K for the year ended December 31, 2022 (the "2022 10-K").  In the 2022 10-K, the Individual Defendants made misleading statements about the Company's manufacturing and supply of ibrexafungerp, asserting that they had agreements with external vendors capable of supplying drug substance and producing drug product to support ongoing and planned clinical trials, as well as commercial product.  The

Individual Defendants further stated that they had a team capable of managing these activities until GSK assumed responsibility for them, and that their primary third-party vendors had the required capabilities and quality systems that met global regulatory and compliance requirements.

46.     The Individual Defendants also misleadingly stated in the 2022 10-K that SCYNEXIS oversaw its contract manufacturers to ensure compliance with current Good Manufacturing Practices (cGMP), and that the Company and its contract manufacturers were subject to continual review and periodic inspections to assess compliance with cGMP.   Moreover, the 2022 10-K attested to the effectiveness of the Company's controls and procedures as of December 31, 2022.

47.     On May 10, 2023, SCYNEXIS filed its Form 10-Q for the quarter ended March 31, 2023 (the "1Q23 10-Q"), which made misleading statements about the Company's responsibility for the costs of manufacturing and clinical studies for ibrexafungerp.  The 1Q23 10-Q also stated that as of March 31, 2023, the Company's disclosure controls and procedures were effective at the reasonable assurance level.

48.     Similarly, on August 14, 2023, SCYNEXIS filed its Form 10-Q for the quarter ended June 30, 2023 (the "2Q23 10-Q"), again making misleading statements about the Company's responsibility for the costs of manufacturing and clinical studies for ibrexafungerp.  The 2Q23 10-Q also stated that as of June 30,

2023, the Company's disclosure controls and procedures were effective at the reasonable assurance level.

49.    The statements identified in ¶¶ 45-48 were materially false and misleading, and failed to disclose material adverse facts about SCYNEXIS's business, operations, and prospects.  Specifically, the Individual Defendants failed to disclose that (1) the equipment used to manufacture ibrexafungerp was also being used to manufacture a non-antibacterial beta-lactam drug substance, creating a significant risk of cross-contamination; (2) SCYNEXIS lacked adequate internal controls, procedures, and oversight to ensure that its vendor was adhering to cGMP; (3) the substantial risk of cross-contamination made it highly likely that SCYNEXIS would need to recall BREXAFEMME and halt clinical trials involving ibrexafungerp; and (4) as a result, the Individual Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and lacked a reasonable basis.

***The Company Issues a False and Misleading Proxy Statement***

50.    On May 1, 2023, SCYNEXIS filed its 2023 Proxy Statement with the SEC on Schedule 14A.  Defendants Anido, Angulo, Gilman, Hanham, Hastings, Macdonald, and Tinmouth solicited the 2023 Proxy Statement, which contained material misstatements and omissions.

51.     The 2023 Proxy Statement asked SCYNEXIS's stockholders to vote on several matters, including (1) the election of Defendants Anido, Angulo, Gilman, Hanham, Hastings, Macdonald, and Tinmouth to the Board for a one-year term; (2) the ratification of the appointment of Deloitte & Touche LLP as SCYNEXIS's independent registered public accounting firm for the fiscal year ending December 31, 2023; (3) the approval, in a non-binding advisory vote, of the compensation of the Company's named executive officers, including Defendant Angulo; and (4) the amendment of SCYNEXIS's Certificate of Incorporation to limit the liability of officers as permitted by recent amendments to the Delaware General Corporation Law (DGCL).

52.     The 2023 Proxy Statement proposed limiting the liability of SCYNEXIS's officers by amending the Certificate of Incorporation to state that no officer of the Corporation shall have any personal liability to the Corporation or its stockholders for monetary damages for any breach of fiduciary duty as an officer, except to the extent such exemption from liability or limitation thereof is not permitted under the DGCL.

53.     The 2023 Proxy Statement is materially false and misleading and omits material facts necessary to make the statements made not misleading, for the following reasons:

1.      The 2023 Proxy Statement fails to disclose that, although SCYNEXIS claimed its officers and directors adhered to the Code of Conduct, the Individual Defendants in fact violated the Code of Conduct, rendering statements about the Code of Conduct materially misleading.

2.      The 2023 Proxy Statement describes the risk oversight duties of the Board and its committees, including the Audit Committee and Governance Committee.  However, it fails to disclose that, contrary to these descriptions, the Board and its committees did not adequately exercise their risk oversight functions and in fact were causing or permitting SCYNEXIS to issue false and misleading statements, thereby rendering the descriptions of their duties materially misleading. Specifically, according to the Audit Committee Charter, the Audit Committee's responsibilities include:

- Reviewing with management and the independent auditor the Company's annual financial statements and related footnotes and the independent auditor's report thereon; and

- Reviewing and discussing with management and the independent auditor the Company's quarterly financial statements.

3.     The Governance Committee Charter states that the Committee's responsibilities include periodically reviewing the Company's corporate governance policies and recommending any changes to the Board.  Accordingly, the 2023 Proxy Statement fails to disclose that the Audit Committee members did not adequately fulfill these responsibilities, as they permitted the Company to issue false and misleading financial statements and failed to ensure adequate internal controls.  It also fails to disclose that the Governance Committee members did not fulfill their duties to ensure the Company had appropriate corporate governance policies in place to prevent the wrongdoing at issue.

4.     The 2023 Proxy Statement fails to disclose that in approving executive compensation, the Individual Defendants relied on "pay for performance" rewards despite the artificial inflation of the Company's value due to the issuance of false and misleading statements, rendering the description of the executive compensation program and shareholder "say on pay" vote materially misleading.

54.     In sum, the 2023 Proxy Statement painted a materially misleading picture of the conduct of SCYNEXIS's officers and directors by failing to disclose they were not adhering to the Code of Conduct, not adequately overseeing risk and

corporate governance as required by the committee charters, and approving executive compensation based on inflated performance. The omission of these material facts rendered the 2023 Proxy Statement false and misleading.

55. It was materially misleading because it failed to disclose that (i) despite SCYNEXIS's claims that its officers and directors adhered to the Code of Conduct, the Individual Defendants were, in fact, violating the Code of Conduct; (ii) contrary to the 2023 Proxy Statement's descriptions of the Board's risk oversight responsibilities, the Board and its committees did not adequately exercise these functions and were causing or permitting SCYNEXIS to issue false and misleading statements; and (iii) the Individual Defendants used "pay-for-performance" rewards when calculating executive compensation despite artificially inflating the Company's value by issuing false and misleading statements.

56. Furthermore, the 2023 Proxy Statement was false and misleading because the Individual Defendants failed to implement and oversee effective internal controls over the Company's core operations and to manage risks associated with the essential and mission-critical maintenance of existing subscribers and addition of new ones.

57. The 2023 Proxy Statement was further materially misleading because it failed to disclose to investors that (i) the equipment used to manufacture ibrexafungerp was also being used to manufacture a non-antibacterial beta-lactam

drug substance, presenting a risk of cross-contamination; (ii) SCYNEXIS did not have effective internal controls, procedures, and adequate internal oversight policies to ensure that its vendor complied with cGMP; (iii) due to the substantial risk of cross-contamination, SCYNEXIS was reasonably likely to recall its ibrexafungerp tablets and halt its clinical studies; and (iv) as a result of the foregoing, the Individual Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

58.     As a result of the material misstatements and omissions contained in the 2023 Proxy Statement, SCYNEXIS stockholders voted via an uninformed stockholder vote.

## THE TRUTH EMERGES

59.     The truth about SCYNEXIS's manufacturing issues and inadequate controls began to emerge on September 25, 2023, when the Company announced that it would voluntarily recall BREXAFEMME tablets due to the risk of cross-contamination.  In a Form 8-K filed with the SEC that day, SCYNEXIS disclosed that following a recent review by GSK of the manufacturing process and equipment at the vendor that manufactures the ibrexafungerp drug substance, the Company became aware that a non-antibacterial beta-lactam drug substance was being manufactured using equipment common to the manufacturing process for ibrexafungerp.

60.     The Form 8-K further stated that current FDA guidance recommended segregating the manufacture of beta-lactam compounds from other compounds since beta-lactams have the potential to act as sensitizing agents that may trigger hypersensitivity or allergic reactions in some people.  In the absence of the recommended segregation, there was a risk of cross-contamination.  While it was not known whether any ibrexafungerp had been contaminated with a beta-lactam compound, and SCYNEXIS had not received reports of adverse events established to be due to the possible beta-lactam cross-contamination, the Company decided to recall BREXAFEMME from the market and place a temporary hold on clinical studies of ibrexafungerp, including the Phase 3 MARIO study, until a mitigation strategy and resupply plan could be determined.

61.     The market reacted swiftly to this news, with SCYNEXIS's stock price falling $1.13, or 34.14%, to close at $2.18 per share on September 25, 2023, on unusually heavy trading volume.  The stock price continued to decline the following trading day, falling an additional 11.47% to close at $1.93 per share on September 26, 2023, again on unusually heavy trading volume.

62.     Two days later, on September 27, 2023, SCYNEXIS issued a press release announcing the voluntary nationwide recall of two lots of BREXAFEMME, further confirming the severity of the manufacturing issues and the Company's lack of adequate controls and oversight.

## THE INDIVIDUAL DEFENDANTS' MISCONDUCT
## <u>DIRECTLY AND PROXIMATELY CAUSES DAMAGES TO SCYNEXIS</u>

63.    As a result of the Individual Defendants' wrongful acts and omissions and the precipitous decline in the market value of the Company's securities, SCYNEXIS has suffered significant damages and will continue to do so.

64.    As a result of the Individual Defendants' misconduct, SCYNEXIS disseminated improper public statements concerning SCYNEXIS's operations, prospects, and internal controls.  This misconduct has devastated SCYNEXIS's credibility.

65.    As a direct and proximate result of the Individual Defendants' actions, SCYNEXIS has expended and will continue to expend significant sums of money defending and paying any judgment or settlement in the Securities Class Action.

66.    As a direct and proximate result of the Individual Defendants' actions as alleged above, SCYNEXIS's market capitalization has been substantially damaged, losing millions of dollars in value because of the conduct described herein.

67.    The actions of the Individual Defendants have also irreparably damaged SCYNEXIS's corporate image and goodwill.  For the foreseeable future, SCYNEXIS will suffer from what is known as the "liar's discount," a term applied to the stocks of companies that have been implicated in illegal behavior and have misled the investing public, such that SCYNEXIS's ability to raise equity capital or debt on favorable terms in the future is now impaired.

## CONSPIRACY, AIDING AND ABETTING, AND CONCERTED ACTION

68.     In committing the wrongful acts alleged herein, the Individual Defendants have pursued or joined in the pursuit of a common course of conduct and have acted in concert with and conspired with one another in furtherance of their wrongdoing.  The Individual Defendants caused the Company to conceal the true facts as alleged herein.  The Individual Defendants further aided and abetted and/or assisted each other in breaching their respective duties.

69.     The purpose and effect of the conspiracy, common enterprise, and/or common course of conduct were, among other things, to (i) facilitate and disguise the Individual Defendants' violations of law, including breaches of fiduciary duty and unjust enrichment; (ii) conceal adverse information concerning the Company's operations, financial condition, future business prospects, and internal controls; and (iii) artificially inflate the Company's stock price.

70.     The Individual Defendants accomplished their conspiracy, common enterprise, and/or common course of conduct by causing the Company purposefully, recklessly, or with gross negligence to conceal material facts, fail to correct such misrepresentations, and violate applicable laws.   In furtherance of this plan, conspiracy, and course of conduct, Individual Defendants collectively and individually took the actions set forth herein.  The Individual Defendants described herein were direct, necessary, and substantial participants in the common enterprise

and/or common course of conduct complained here because the action described herein occurred under the authority and approval of the Board.

71.   Each of the Individual Defendants aided, abetted, and rendered substantial assistance in the wrongs complained of herein.  In taking such actions to substantially assist the commission of the wrongdoing complained of herein, each of the Individual Defendants acted with actual or constructive knowledge of the primary wrongdoing, either took direct part in or substantially assisted the accomplishment of that wrongdoing, and was or should have been aware of his or her overall contribution to and furtherance of the wrongdoing.

72.   At all times relevant hereto, each of the Individual Defendants was the agent of each of the other Individual Defendants and SCYNEXIS and was at all times acting within the course and scope of such agency.

**PLAINTIFF HAS BEEN A STOCKHOLDER SINCE THE ALLEGED WRONGDOING AND WILL FAIRLY AND ADEQUATELY REPRESENT THE COMPANY'S AND ITS STOCKHOLDERS' INTERESTS**

73.   Plaintiff incorporates by reference and realleges each and every allegation set forth above as though fully set forth herein.

74.   Plaintiff brings this action derivatively in the right and for the benefit of the Company to redress the Individual Defendants' misconduct.

75.   Plaintiff is the owner of SCYNEXIS common stock and has been an owner of SCYNEXIS common stock since the wrongdoing alleged herein.

76.     Plaintiff will adequately and fairly represent the interests of the Company and its stockholders in enforcing and prosecuting the Company's rights.

## DEMAND IS FUTILE

### Each Director Defendant Faces
### A Substantial Likelihood of Personal Liability

77.     Plaintiff has not made any demand on the SCYNEXIS Board to investigate or pursue the claims asserted herein because such a demand would be futile.  The current Board is incapable of making an independent and disinterested decision to institute and vigorously prosecute this action.  A majority of the directors are either interested in the challenged transactions or face a substantial likelihood of liability for their actions.  As a result, demand upon the Board is excused as futile.

78.     The Director Defendants (Anido, Angulo, Gilman, Hanham, Hastings, Macdonald, and Tinmouth) face a substantial likelihood of liability for their roles in the Company's improper statements concerning its manufacturing process, internal controls, and oversight.  The Director Defendants were aware or should have been aware of the manufacturing issues and lack of adequate controls and oversight, yet they caused or allowed the Company to issue false and misleading statements and failed to correct them.  Thus, the Director Defendants breached their fiduciary duties, face a substantial likelihood of liability, and cannot evaluate a demand with disinterest.

27

***The Audit Committee Defendants Face***
***an Even Greater Likelihood of Liability***

79.    The Audit Committee Defendants (Gilman, Hanham, and Macdonald) face an even greater likelihood of liability because they were responsible for overseeing the Company's financial reporting process, internal controls, and compliance with legal and regulatory requirements.  Despite these duties, the Audit Committee Defendants failed to ensure the Company maintained adequate internal controls over its manufacturing process and vendor oversight.  They also failed to prevent the Company from issuing false and misleading statements.  Accordingly, the Audit Committee Defendants breached their fiduciary duties and face a heightened risk of liability, rendering them incapable of impartially considering a demand.

***The Governance Committee Defendants***
***Face a Heightened Likelihood of Liability***

80.    Similarly, the Governance Committee Defendants (Hastings and Tinmouth) face a heightened likelihood of liability for their roles in the Company's improper conduct.  As members of the Governance Committee, these defendants were responsible for developing and recommending corporate governance guidelines and policies, as well as overseeing the evaluation of the Board and its committees.  Despite these duties, the Governance Committee Defendants failed to ensure the Board and its committees were effectively overseeing the Company's

operations and risk management.  Consequently, the Governance Committee Defendants breached their fiduciary duties and face a greater risk of liability, making them incapable of objectively evaluating a demand.

*CEO Angulo Lacks Independence*
*and Faces Significant Personal Liability*

81.    Defendant Angulo is not independent and cannot exercise disinterested and independent business judgment for several reasons.  First, as the Company's CEO and Chair of the Board, Angulo's principal occupation and source of income is his employment with SCYNEXIS.  In January 2023, Angulo entered into an employment agreement with the Company entitling him to a substantial annual salary, performance bonus, and equity awards.  For fiscal year 2022, Angulo received total compensation of $1,168,835, including a base salary of $482,326, $281,050 in stock awards, $256,097 in option awards, $125,700 in non-equity incentive plan compensation, and $23,662 in other compensation.  These amounts are material to Angulo and would prevent him from impartially considering a demand against the Compensation Committee Defendants, who determine his compensation.

82.    Furthermore, Angulo faces an additional substantial likelihood of liability because he is a named defendant in the related Securities Class Action, which asserts claims under Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5.  If SCYNEXIS is found liable in the Securities Class Action, the

Company's liability will be due, in whole or in part, to Angulo's willful and/or reckless violations of his obligations as a director.  Consequently, Angulo faces an even greater likelihood of personal liability than the other Director Defendants and cannot impartially consider a demand to commence and vigorously prosecute this action.

## FIRST CAUSE OF ACTION
### Against the Individual Defendants for Breach of Fiduciary Duties

83.    Plaintiff incorporates by reference and realleges each and every allegation set forth above as though fully set forth herein.

84.    Each Individual Defendant owed the Company the duty to exercise candor, good faith, and loyalty in the management and administration of SCYNEXIS's business and affairs.

85.    Each of the Individual Defendants violated and breached his or her fiduciary duties of candor, good faith, loyalty, reasonable inquiry, oversight, and supervision.

86.    The Individual Defendants' conduct set forth herein was due to their intentional or reckless breach of the fiduciary duties they owed to the Company.  The Individual Defendants intentionally or recklessly breached or disregarded their fiduciary duties to protect the rights and interests of SCYNEXIS.

87.    In breach of their fiduciary duties owed to SCYNEXIS, the Individual Defendants willfully or recklessly made, or caused or permitted the Company to

make, false and misleading statements and omissions of material fact that failed to disclose that, *inter alia*, (i) the equipment used to manufacture ibrexafungerp was also used to manufacture a non-antibacterial beta-lactam drug substance, presenting a risk of cross-contamination; (ii) the Company did not have effective internal controls and procedures, as well as adequate internal oversight policies to ensure that its vendor complied with cGMP; (iii) due to the substantial risk of cross-contamination, SCYNEXIS was reasonably likely to recall its ibrexafungerp tablets and halt its clinical studies; and (iv) as a result of the foregoing, the Individual Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

88.   Accordingly, SCYNEXIS's public statements were materially false, misleading, and lacked a reasonable basis during the Relevant Period, thereby causing the stock to trade at artificially inflated prices.

89.   The Individual Defendants failed to and caused the Company to fail to rectify any of the wrongs described herein or correct the false and misleading statements and omissions of material fact referenced herein, thereby rendering themselves personally liable to the Company for breaching their fiduciary duties.

90.   The Individual Defendants also failed to maintain an adequate system of oversight, disclosure controls and procedures, and internal controls in breach of their fiduciary duties.

91.     The Individual Defendants had actual or constructive knowledge that the Company issued materially false and misleading statements, and they failed to correct the Company's public statements.   The Individual Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein or acted with reckless disregard to the truth in that they failed to ascertain and disclose such facts, even though such facts were available to them.   Such material misrepresentations and omissions were committed knowingly or recklessly and for the purpose and effect of artificially inflating the price of the Company's securities.

92.     The Individual Defendants had actual or constructive knowledge that they had caused the Company to improperly engage in the fraudulent schemes set forth herein and to fail to maintain adequate internal controls.   The Individual Defendants had actual knowledge that the Company was engaging in the fraudulent schemes set forth herein, and that internal controls were not adequately maintained or acted with reckless disregard for the truth in that they caused the Company to improperly engage in the fraudulent schemes and to fail to maintain adequate internal controls, even though such facts were available to them.   Such improper conduct was committed knowingly or recklessly and for the purpose and effect of artificially inflating the price of the Company's securities.   The Individual Defendants, in good faith, should have taken appropriate action to correct the schemes alleged herein and to prevent them from continuing to occur.

32

93.     These actions were not a good-faith exercise of prudent business judgment to protect and promote the Company's corporate interests.

94.     As a direct and proximate result of the Individual Defendants' breaches of their fiduciary obligations, SCYNEXIS has sustained and continues to sustain significant damages.  As a result of the misconduct alleged herein, the Individual Defendants are liable to the Company.

**SECOND CAUSE OF ACTION**
**Against the Individual Defendants for**
**<u>Violations of § 14(A) of the Exchange Act and SEC Rule 14a-9</u>**

95.     Plaintiff incorporates by reference and realleges each and every allegation set forth above as though fully set forth herein.

96.     Rule 14a-9, promulgated pursuant to Section 14(a) of the Exchange Act, provides that no proxy statement shall contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

97.     The 2023 Proxy Statement violated Section 14(a) and Rule 14a-9 because it solicited SCYNEXIS stockholder votes for, *inter alia*, director reelection, while simultaneously misrepresenting and/or failing to disclose that the equipment used to manufacture ibrexafungerp was also used to manufacture a non-antibacterial

beta-lactam drug substance, presenting a risk of cross-contamination and thus the Company did not have effective internal controls and procedures, as well as adequate internal oversight policies to ensure that its vendor complied with cGMP. Consequently, due to the substantial risk of cross-contamination, SCYNEXIS was reasonably likely to recall its ibrexafungerp tablets and halt its clinical studies.

98.     The Individual Defendants made untrue statements of material facts and omitted to state material facts necessary to make the statements that were made not misleading in violation of Section 14(a) and Rule 14a-9.  By virtue of their positions within the Company and roles in the process and in the preparation of the 2023 Proxy Statement, the Individual Defendants were aware of this information and of their duty to disclose this information in the 2023 Proxy Statement.

99.     The Individual Defendants knew that the statements contained in the 2023 Proxy Statement were materially false and misleading.

100.    The omissions and false and misleading statements in the 2023 Proxy Statement are material in that a reasonable shareholder would consider them important in deciding how to vote on the re-election of directors.  Indeed, a reasonable investor would view a full and accurate disclosure as significantly altering the "total mix" of information made available in the 2023 Proxy Statement and in other information reasonably available to stockholders.

101.   As a direct and proximate result of the dissemination of the false and misleading 2023 Proxy Statement that the Individual Defendants used to obtain stockholder approval of and thereby re-elect directors, nominal defendant SCYNEXIS suffered damage and actual economic losses (i.e., wrongful re-election of directors) in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
**Against the Securities Class Action Defendants for**
**Contribution under Sections 10(b) and 21D of the Exchange Act**

102.   Plaintiff incorporates by reference and realleges each and every allegation set forth above as though fully set forth herein.

103.   SCYNEXIS, along with the Securities Class Action Defendants (Angulo and Macleod), are named as Defendants in the Securities Class Action, which asserts claims under the federal securities laws for violations of Sections 10(b) and 21D of the Exchange Act and SEC Rule 10b-5.  If the Company is found liable in the Securities Class Actions for these violations of the federal securities laws, the Company's liability will be in whole or in part due to the Securities Class Action Defendants' willful and/or reckless violations of their obligations as officers and/or director of SCYNEXIS.

104.   Because of their positions of control and authority as officers and/or director of SCYNEXIS, the Securities Class Action Defendants were able to and did, directly and/or indirectly, exercise control over the business and corporate affairs of

35

SCYNEXIS, including the wrongful acts complained of herein and in the Securities Class Actions.

105.   Accordingly, the Securities Class Action Defendants are liable under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), which creates an implied private right of action for contribution, Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(f), which governs the application of a private right of action for contribution arising out of violations of the Exchange Act.

106.   As such, SCYNEXIS is entitled to receive all appropriate contribution or indemnification from the Securities Class Action Defendants.

### FOURTH CAUSE OF ACTION
### Against the Individual Defendants for Unjust Enrichment

107.   Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

108.   By their wrongful acts, violations of law, and false and misleading statements and omissions of material fact that they made or caused to be made, the Individual Defendants were unjustly enriched at the expense of, and to the detriment of, SCYNEXIS.

109.   The Individual Defendants benefitted financially from the improper conduct, received unjustly lucrative bonuses tied to the false and misleading statements, and received bonuses, stock options, or similar compensation from SCYNEXIS that was tied to the performance or artificially inflated valuation of

SCYNEXIS, or received compensation that was unjust in light of the Individual Defendants' bad faith conduct.

110.   Plaintiff, as a stockholder and representative of SCYNEXIS, seeks restitution from the Individual Defendants and seeks an order from this Court disgorging all profits—including from insider sales, benefits, and other compensation, including any performance-based or valuation-based compensation—obtained by the Individual Defendants from their wrongful conduct and breach of their fiduciary duties.

111.   Plaintiff, on behalf of SCYNEXIS, has no adequate remedy at law.

**FIFTH CAUSE OF ACTION**
**<u>Against the Individual Defendants for Waste of Corporate Assets</u>**

112.   Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

113.   As a further result of the foregoing, the Company will incur many millions of dollars of legal liability and/or costs to defend legal actions (evidenced, for example, by the Securities Class Action), to engage in internal investigations, and to lose financing from investors and business from future customers who no longer trust the Company and its products.

114.   As a result of the waste of corporate assets, the Individual Defendants are each liable to the Company.

115.   Plaintiff, on behalf of SCYNEXIS, has no adequate remedy at law.

## SIXTH CAUSE OF ACTION
### Against all the Individual Defendants for Aiding and Abetting

116.   Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

117.   Each of the Individual Defendants acted and is acting with knowledge of, or with disregard to, the fact that the Defendants are in breach of their fiduciary duties to SCYNEXIS and has participated in a conspiracy in breach of fiduciary duties.

118.   In committing the wrongful acts alleged herein, each of the Individual Defendants has pursued, or joined in the pursuit of, a common course of conduct. The Individual Defendants have acted in concert with and conspired with one another in furtherance of their common plan or design.  In addition to pursuing the wrongful conduct that gives rise to their primary liability, the Individual Defendants also aided, abetted, and assisted each other in breaching their respective duties.

119.   The Individual Defendants collectively and individually initiated and followed a course of conduct that violated the federal securities laws; authorized corporate actions to serve their own personal interests rather than the interests of the Company and its stockholders; misrepresented material facts about the Company, its financial condition, and business prospects; prevented the disclosure of material information necessary to make statements complete and accurate; and failed to

implement and maintain an adequate system of internal controls and corporate governance practices.

120.    The purpose and effect of the Individual Defendants' conspiracy, common enterprise, and common course of conduct was, among other things, to disguise the Defendants' violations of law, including violations of the federal securities laws and breaches of fiduciary duty.

121.    Each of the Individual Defendants played a direct, necessary, and substantial part in the conspiracy, common enterprise, and common course of conduct complained of herein.

122.    Each of the Individual Defendants aided, abetted, and rendered substantial assistance in the wrongs complained of herein.  In taking such actions to substantially assist the commission of the wrongdoing complained of herein, the Individual Defendants acted with knowledge of the primary wrongdoing, substantially assisted the accomplishment of that wrongdoing, and were aware of their overall contributions to and furtherance of the wrongdoing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

A.    Declaring that Plaintiff may maintain this derivative action on behalf of SCYNEXIS and that Plaintiff is a proper and adequate representative of the Company;

B.      Awarding the amount of damages sustained by the Company as a result of the Individual Defendants' breaches of fiduciary duties and violations of the federal securities laws;

C.      Awarding prejudgment interest to the Company;

D.      Granting appropriate equitable relief to remedy Individual Defendants' breaches of fiduciary duties and other violations of law;

E.      Awarding to Plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees and costs and expenses; and

F.      Granting such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated:  May 1, 2024                           Respectfully submitted,

                                              BRAGAR EAGEL & SQUIRE, P.C.

                                              */s/ Lawrence P. Eagel*
                                              Lawrence P. Eagel (No. 038881983)
                                              Melissa A. Fortunato (No. 071502013)
                                              Gabriela Cardé Cortés (*pro hac vice forthcoming*)
                                              810 Seventh Avenue, Suite 620
                                              New York, New York 10019
                                              Telephone: 212-308-5858
                                              Email:  eagel@bespc.com
                                                      fortunato@bespc.com
                                                      carde@bespc.com

Badge Humphries (*pro hac vice forthcoming*)
2113 Middle Street, Suite 305
Sullivan's Island, South Carolina 29482
Telephone: 843-883-7444
Email: humphries@bespc.com

*Counsel for Plaintiff Ruskin Davis*

**VERIFICATION**

I, Ruskin Davis, hereby verify that I have authorized the filing of the attached Verified Stockholder Derivative Complaint ("Complaint"). I have reviewed the allegations made in the Complaint, and as to those allegations of which I have personal knowledge, I believe those allegations to be true. As to those allegations of which I do not have personal knowledge, I rely on my counsel and their investigation and, for that reason, believe them to be true. I further verify that I am a current holder, and have been a holder, of SCYNEXIS, Inc. common stock since the time of Defendant's wrongdoing alleged in the Complaint.  I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15 day of April, 2024.

_____
Ruskin Davis